# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARCUS T HICKMAN,**

    Petitioner,

    v.

**MICHAEL SHEETS, WARDEN,**

    Respondent.

CASE NO. 2:11-CV-00196
JUDGE SMITH
MAGISTRATE JUDGE ABEL

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Return of Writ*, and the exhibits of the parties.

This action involves Petitioner's convictions pursuant to the terms of his negotiated "no contest" plea while represented by counsel on charges of attempted murder, felonious assault, kidnapping, aggravated robbery and tampering with evidence. The Ohio Court of Appeals affirmed the judgment of the trial court and the Ohio Supreme Court dismissed Petitioner's appeal. As his sole ground for federal habeas corpus relief, Petitioner asserts that the identification procedure used by the State was unduly suggestive and violated his rights under the 5th and 14th Amendment to the United States Constitution. For the reasons that follow, the Magistrate Judge concludes that Petitioner waived his right to review of this claim in these proceedings by entry of his no contest plea and therefore **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On the evening of March 30, 2008, Donna Wade was walking in a residential area to meet a female friend, Dreama Azbell. Upon meeting Dreama, the two were approached by a white male, later to be identified as Dreama's brother, Tim Azbell. Both Tim and Dreama Azbell held Donna Wade at gunpoint. A black male then exited a parked, red Chevy Blazer and forced Donna Wade into the back seat of the Blazer. Wade was seated directly behind the black male, who drove the vehicle around town for a short period of time. The black male then stopped the vehicle, forced Wade out of the vehicle, and proceeded to shoot her in the neck.
>
> Donna Wade survived the shooting, and was transported to an area hospital. At the hospital, investigating officers from the Lancaster Police Department presented Wade with a photo array of six black males. Donna Wade identified Appellant from the photo array as the man who shot her in the neck.
>
> The Fairfield County Grand Jury indicted Appellant on attempted murder, felonious assault, kidnapping, aggravated robbery and tampering with evidence. On July 2, 2008, Appellant filed a motion to suppress the identification from the photo lineup. Via Judgment Entry of October 7, 2008, the trial court overruled the motion to suppress. Appellant subsequently entered a plea of no contest to the charges pursuant to a negotiated plea agreement.

*State v. Hickman*, No. 09-CA-15, 2009 WL 2986239, at *1 (Ohio App. 5th Dist. Sept. 14, 2009). As his sole assignment of error on appeal, Petitioner asserted that the trial court erred in overruling his motion to suppress. *See id.* On September 14, 2009, the appellate court affirmed the trial court's judgment. *Id*. It did not address the merits of the claim. Instead, it held that "[a]ssuming, arguendo, we find the photo array at issue unduly suggestive and unreliable, Appellant cannot demonstrate prejudice due to his plea of no contest to the charges." *Id,* ¶ 11. The Court noted that there may have been other evidence supporting the identification. By choosing not to contest the facts alleged in the indictment, petitioner waived his right to challenge his identification at trial. *Id.*

As his sole proposition of law in his motion for leave to appeal to the Supreme Court of Ohio, petitioner asserted that a plea of no contest preserves the right to appeal an adverse ruling on

a motion to suppress an out-of-court and in court identification by a witness based on an unconstitutional pretrial identification procedure. On January 27, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Hickman*, 124 Ohio St.3d 1445 (2010).

On March 4, 2011, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As his sole ground for habeas corpus relief, Petitioner asserts that the identification procedure used by the State was unduly suggestive and violated his rights under the 5th and 14th Amendment to the United States Constitution. It is the position of the Respondent that this claim is procedurally defaulted and, alternatively, that the claim lacks merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies. *Id.; Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir.2004). If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724; *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th

Cir.1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin* ). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.... Second, the court must decide whether the state courts actually enforced the state procedural sanction.... Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin,* 785 F.2d at 138 (internal quotations omitted). Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his claims on the merits if he establishes: (1) a substantial reason to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id*. 'Cause' under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all. *Id* at 750.

Nevertheless, " '[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray,* 477 U.S. at 495 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1892)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Lott v. Coyle*, 261 F.3d

4

594, 601–02 (6th Cir.2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

As his sole claim for relief, Petitioner asserts he was denied a fair trial due to admission of Donna Wade's identification of him as the perpetrator from a photograph line-up. Petitioner raised this claim on direct appeal; however, the state appellate court concluded he had waived the issue by entry of his no-contest plea:

> Appellant entered a plea of no contest to the charges in the indictment following the trial court's denial of his motion to suppress the victim's pretrial photo array identification. Assuming, *arguendo*, we find the photo array at issue unduly suggestive and unreliable, Appellant cannot demonstrate prejudice due to his plea of no contest to the charges. Suppression of the victim's identification of Appellant from the photo array prepared by the police would not necessarily preclude a valid identification of Appellant by the victim at trial. Furthermore, there may have been identification evidence independent from the victim's testimony. Appellant having entered a no contest plea to the facts alleged in the indictment, the matter did not proceed to trial. Appellant cannot demonstrate prejudice as result of the trial court's denial of his motion to suppress because by pleading no contest, he waived the right to challenge his identification at trial.

*State v. Wade*, 2009 WL 2986239, at *2. Petitioner argued on appeal to the Ohio Supreme Court that, contrary to the conclusion of the state appellate court, he had preserved his claim regarding an unduly suggestive identification by Donna Wade for appeal despite entry of his no-contest plea. *See Exhibit 15 to Return of Writ*. Respondent argues that Petitioner thereby has waived this claim for federal habeas corpus review.

The Magistrate Judge agrees. Petitioner did not raise in the Ohio Supreme Court a claim that Wade's identification of him was unduly prejudicial, but argued solely that he had properly

5

preserved this claim for review by entry of his no contest plea. *See Exhibit 15 to Return of Writ.* [1]

Moreover, he can now no longer raise his claim that Wade's identification of him was unduly suggestive in the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).

The Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir.2006); *Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir.2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir.2000); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir.2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir.1998). The doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused, in reliance on that doctrine, to review the merits of claims. *State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Further, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. The third part of the *Maupin* test has been met.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one

---

[1] After a criminal defendant leads guilty on the advice of counsel, he waives federal habeas review of antecedent constitutional infirmities and non-jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). *See also Peterson v. McLemore*, No. 07-15389, 2009 WL 1874096, at *6 (W.D. Mich. June 25, 2009)(citing *Tollett v. Henderson*, 411 U.S. at 267 (1973); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982). Here, however, Petitioner entered a plea of "no contest" to the charges, thus preserving his right to appeal the trial court's denial of his motion to suppress under Ohio law. *See State v. Luna*, 2 Ohio St.3d 57 (1982); Ohio Criminal Rule 12(I).

who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    s/Mark R. Abel
    United States Magistrate Judge